United States District Court
for the District of New Jersey

| | |
|---|---|
| ASKIA J. NASH,<br><br>　　　　　*Plaintiff*,<br><br>　v.<br><br>ESSEX COUNTY PROSECUTOR'S OFFICE, STATE OF NEW JERSEY, ATTORNEY FELIX LOPEZ MONTALVO,<br><br>　　　　　*Defendant*s. | Civil No.: 03-3961 (KSH)<br><br>**Order** |

　　　Pro se plaintiff Askia Nash having sent letters [D.E. 16, 18] to the Court requesting the reopening of this civil matter, which the Court dismissed without prejudice in 2003; and

　　　The Court having dismissed the suit at the time because it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and

　　　Nash's conviction having been vacated by the New Jersey Supreme Court, *see State v. Nash,* 212 N.J. 518 (2013); and

　　　The Court liberally construing Nash's letters as requesting relief under Fed. R. Civ. P. 60(b), *see Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987); and

　　　The Court finding that the *Heck* bar has been lifted by the New Jersey Supreme Court's action, *see Poventud v. City of New York*, 750 F.3d 121, 134 (2d Cir. 2014) (en banc), and the two-year § 1983 statute of limitations commencing on or around the date that the Supreme Court ruled ; and

The Court concluding that the interests of economy, fairness, and finality would be better served by requiring Nash to file a new civil suit, rather than by reopening this long-dormant case; and

The Court further noting that, since Nash has been released from prison, 28 U.S.C. § 1915(g) would no longer bar attempts to seek in forma pauperis status;

**IT IS**, on this 28th day of August, 2014,

**ORDERED** that Nash's letters to this Court [D.E. 16, 18], which are construed as Fed. R. Civ. 60(b) motions to reopen, are DENIED; and it is further

**ORDERED** that, should Nash wish to pursue a § 1983 suit, he do so by filing a complaint on or before January 22, 2015.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.